UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**THOMAS EDWARD BURKE**                                                                  **PLAINTIFF**

**v.**                          **CIVIL ACTION NO. 1:22-cv-48-BJB**

**COOKIE CREWS et al.**                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The Court dismissed *pro se* Plaintiff Thomas Edward Burke's lawsuit because he is barred from proceeding *in forma pauperis* by the three-strikes provision found in the Prison Litigation Reform Act (PLRA). *See* 28 U.S.C. § 1915(g). Plaintiff has now filed a motion requesting "estoppel" of the Court's "denial of Complaint" (DN 12).

Because Plaintiff filed his motion within 28 days of the dismissal of his case, the Court construes it as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. A court may alter or amend its judgment because of an intervening change in the controlling law, newly discovered evidence, to correct a clear error of law, or to prevent a manifest injustice. *Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973).

Under § 1915(g), a prisoner who has brought three or more civil actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted is barred from proceeding *in forma pauperis*. The only exception to the three-strikes rule is if the plaintiff is "under imminent danger of serious physical injury." § 1915(g). The exception "applies only if the complaint alleges facts showing that a danger of serious physical injury exists at the time the complaint is filed." *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011). Although some district courts have followed the Second Circuit's rule requiring a nexus between the complaint and the circumstances allegedly creating imminent

danger, the Sixth Circuit has thus far declined either to endorse or reject this requirement. *Compare Vandiver v. Prison Health Servs, Inc.*, 727 F.3d 580, 588 (6th Cir. 2013), *with, e.g., Pointer v. Marc*, No. 2:11-cv-0109, 2011 WL 847012, at *2 (S.D. Ohio Mar. 8, 2011) ("It is a requirement of the PLRA . . . that the alleged danger which might justify allowing the prisoner to proceed despite his three prior 'strikes' must be related to claims in the complaint[.]") (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)).

Plaintiff's motion does not take issue with the Court's ruling that the § 1915(g) three-strikes bar applies to him.  He argues instead that he has a "physical injury" because in October 2021 he was hospitalized for leg burns and that on July 14, 2022 he was hospitalized due to a surgery "gone wrong."

But Plaintiff does not argue that *the complaint* alleged that he was in imminent danger of serious physical injury.  In fact, the complaint consisted of almost 100 pages of sovereign citizen-type verbiage, made no allegations related to his health or surgeries, and named no defendants responsible for providing medical care.  Plaintiff does not argue that the alleged leg and surgery issues, raised for the first time in his motion, are newly discovered evidence.  Nor has Plaintiff shown that the Court's Order is affected by an intervening change in the law or was otherwise clearly erroneous or manifestly unjust.  So no reason exists to alter or amend the Court's prior Order.

The Court **DENIES** Plaintiff's motion (DN 12).

3

Plaintiff also filed a motion for leave to file an amended complaint to add two Defendants. Given that the Court has already dismissed the complaint and closed the case, however, the Court **DENIES** this motion (DN 11) as moot.

Date: October 31, 2022

Benjamin Beaton, District Judge
United States District Court

cc: Plaintiff, *pro se*
B213.009